PROB 12C
(6/16)

Report Date: October 2, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 03, 2025

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Acencion Marta Fuentes | Case Number: 0980 2:24CR00035-TOR-1 |
| Address of Offender: | |

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: April 30, 2025

| | | |
|---|---|---|
| Original Offense: | Assault Resulting in Serious Bodily Injury in Indian Country, 18 U.S.C. § 113 | |
| Original Sentence: | Prison - 16 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Michael Louis Vander Giessen | Date Supervision Commenced: June 25, 2025 |
| Defense Attorney: | Lorinda Youngcourt | Date Supervision Expires: June 24, 2028 |

## PETITIONING THE COURT

To issue a warrant.

On July 1, 2025, Ms. Fuentes' conditions of supervision were reviewed by a probation officer and she signed said conditions acknowledging an understanding of supervision.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 8**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**: It is alleged that Ms. Fuentes violated the terms of her supervised release by ingesting fentanyl on or about September 18, 2025. |
| | Ms. Fuentes is active in substance abuse counseling at Spokane Addiction Recovery Centers (SPARC). Per their program, anyone engaged in substance abuse counseling is also subjected to random urinalysis. On September 18, 2025, Ms. Fuentes submitted a random urine sample at SPARC. |
| | On September 25, 2025, the urine sample that was submitted on September 18, 2025, returned positive for fentanyl. |

2   **Special Condition # 8**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Ms. Fuentes violated the terms of her supervised release by ingesting fentanyl and cocaine on or about September 20, 2025.

Since Ms. Fuentes is active in substance abuse counseling, she was placed on random drug testing at Pioneer Human Services (PHS) through the U.S. Probation contract.

On September 24, 2025, this officer received notification that Ms. Fuentes reported for her random urine sample at PHS and was presumptive positive for cocaine and fentanyl. She denied use and it was sent to the lab for confirmation. On October 1, 2025, the urine sample from September 24, 2025, returned from the lab positive for fentanyl and cocaine.

On September 25, 2025, Ms. Fuentes reported to the U.S. Probation Office as instructed. She provided a random urine sample and it returned presumptive positive for fentanyl and cocaine. She admitted drinking alcohol and using cocaine on September 20, 2025. She signed an admission form. On October 2, 2025, the urine sample that was provided on September 25, 2025, returned positive from the lab for fentanyl and cocaine.

3   **Special Condition #9**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: It is alleged that Ms. Fuentes violated the terms of her supervised release by consuming alcohol on or about September 20, 2025.

On September 25, 2025, Ms. Fuentes reported to the U.S. Probation Office as instructed. She provided a random urine sample and it returned presumptive positive for fentanyl and cocaine. She admitted drinking alcohol and using cocaine on September 20, 2025. She signed an admission form admitting alcohol and cocaine use.

4   **Special Condition # 8**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Ms. Fuentes violated the terms of her supervised release by ingesting cocaine on or about September 26, 2025.

On September 29, 2025, this officer received notification that Ms. Fuentes reported for her random urine sample at PHS on September 26, 2025, and was presumptive positive for cocaine. She admitted to last using on September 21, 2025, and signed an admission form. The urine sample was sent to the lab for confirmation, those results are still pending.

Prob12C
**Re: Fuentes, Acencion Marta**
**October 2, 2025**
**Page 3**

| | | |
|---|---|---|
| 5 | | **Special Condition #9**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance. |

**Supporting Evidence**: It is alleged that Ms. Fuentes violated the terms of her supervised release by ingesting alcohol on or about September 29, 2025.

On September 30, 2025, this officer received notification that Ms. Fuentes reported for her random urine sample at PHS on September 29, 2025, and was presumptive positive for alcohol and cocaine. She admitted last consuming alcohol and cocaine on September 21, 2025, and signed an admission form. The urine sample was sent to the lab for confirmation.

6     **Special Condition # 8**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Ms. Fuentes violated the terms of her supervised release by ingesting cocaine on or about September 29, 2025.

On September 30, 2025, this officer received notification that Ms. Fuentes reported for her random urine sample at PHS on September 29, 2025, and was presumptive positive for alcohol and cocaine. She admitted her last use of alcohol and cocaine was on September 21, 2025, and signed an admission form. The urine sample was sent to the lab for confirmation.

7     **Standard Condition # 12:** If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments.

**Supporting Evidence:** It is alleged that Ms. Fuentes has violated her terms of supervised release by failing to make any restitution payments and special assessment fee since commencing her term of supervision.

As of the date of this report, Ms. Fuentes has failed to make any payments toward her restitution and special assessment fee. Per the schedule of payments on Ms. Fuentes' judgement: while on supervised release, monetary penalties are payable on monthly basis of no less than $50.00 per month or 10% of the defendant's net household income, which is larger, commencing 30 days after the defendant is released from imprisonment.

8     **Special Condition # 5:** You must participate in an anger management treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

**Supporting Evidence:** It is alleged that Ms. Fuentes has violated her conditions of supervised release by failing to participate in an anger management program.

Prob12C
**Re: Fuentes, Acencion Marta**
**October 2, 2025**
**Page 4**

        Ms. Fuentes has been provided with the information for the local anger management program and instructed to enroll in that program several times. As of the date of this report, Ms. Fuentes has failed to enrolled in an anger management program.

9      **Standard Condition #7:** You must work full time (at least 30 per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have a full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours or becoming aware of a change or expected change.

        Ms. Fuentes has advised the undersigned that she has medical issues, a torn ACL that is hindering her from obtaining employment. The undersigned has requested documentation showing her medical issues to excuse her from being gainfully employed. As of the date of this report, she has failed to provide any documentation showing any medical issues that would hinder her from being gainfully employed.

10      **Standard Condition #5:** You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangrments (such as people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

        **Supporting Evidence:** It is alleged that Ms. Fuentes has violated standard condition number 5 by failing to reside at an approved residence since September 19, 2025.

        On September 17, 2025, the undesigned conducted a home visit at the Union Gospel Mission Women's shelter (UGM) and approved Ms. Fuentes to reside at this location. It was discussed with Ms. Fuentes that she must reside at this location unless another address was verified and approved prior to moving out of the UGM.

        On October 1, 2025, the undersigned contact the UGM shelter to verify Ms. Fuentes was still residing at that location. It was verified by a staff member that Ms. Fuentes checked out of the UGM on September 19, 2025, and has not returned. Where Ms. Fuentes has been residing is unknown.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

        I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   10/02/2025

s/Courtney Hambel

Courtney Hambel
U.S. Probation Officer

Prob12C
**Re: Fuentes, Acencion Marta**
**October 2, 2025**
**Page 5**

---

THE COURT ORDERS

- [ ] No Action
- [X] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [X] Defendant to appear before the Magistrate Judge.
- [ ] Other

_/s/ Thomas O. Rice_
Signature of Judicial Officer

October 3, 2025
Date